IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**GREGORY PASCHAL,**
**ADC #610385**                                                                                                    **PLAINTIFF**

**V.**                            **CASE NO. 4:18-CV-861-BSM-BD**

**ALVINESS PETTERSON, JR,** *et al*.                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Judge Brian S. Miller. Any party to this suit may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.    Discussion**

Plaintiff Gregory Paschal, an inmate at the Arkansas Department of Correction's (ADC) North Central Unit, filed this lawsuit without the help of a lawyer. He is proceeding *in forma pauperis*. (Docket entries #2 and #3) In his complaint, Mr. Paschal claims that Defendant Alviness Petterson, Jr. violated his constitutional rights by failing

to protect him.[1] (#2) Specifically, he alleges that Defendant Petterson, a guard assigned to the door at barracks 10, allowed three inmates from barracks 9 into barracks 10, and that those three inmates attacked and injured him. (#2)

Service was returned unexecuted as to Defendant Petterson on February 25, 2019, by the ADC Compliance Division. However, Mr. Petterson's last-known address was provided under seal. (#11) A new summons was issued at that address, but it, too, was returned unexecuted. (#16) The Court then directed the Marshal to personally serve Mr. Petterson at the sealed address. (#17) On April 22, 2019, that summons was returned unexecuted. (#19)

On April 29, 2019, the Court ordered Mr. Paschal to supply a valid service address for Defendant Petterson by May 31, 2019. (#20) Mr. Paschal requested, and was granted, an extension until August 1, 2019 to notify the Court of Mr. Petterson's service address. (#22) On August 1, 2019, Mr. Paschal filed a motion asking the Court to appoint counsel to assist him in obtaining Defendant Petterson's address. (#25)

Mr. Paschal has been unable to provide the Court with a valid service address for Defendant Petterson. Unfortunately for Mr. Paschal, it is his responsibility to provide the Court and the Marshal with Defendant Petterson's address. *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993). Mr. Paschal has had over 250 days to find Mr. Petterson's address. *See* FED. R. CIV. P. 4(m).

---

[1] All other Defendants have been dismissed from this lawsuit. (#13, #23)

## III.     Conclusion

The Court recommends that Mr. Paschal's motion for appointment of counsel (#25) be DENIED, and his claims against Defendant Petterson be DISMISSED, without prejudice, based on his failure to serve Defendant Petterson within the time allowed by the Rules of Civil Procedure. Mr. Paschal's lawsuit should be DISMISSED, without prejudice.

DATED this 15th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE